UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
KEITH MORRIS,                                       :
                                                    :
                              Petitioner,           :      22 Civ. 52 (PAE) (SN)
            -v-                                     :
                                                    :      OPINION & ORDER
JULIE WOLCOTT,                                      :
                                                    :
                              Respondent.           :
                                                    :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    *Pro se* petitioner Keith Morris ("Morris") petitions here for habeas corpus relief under 28 U.S.C. § 2254. *See* Dkt. 1 (the "Petition"). After a jury trial in New York State Supreme Court in Manhattan, Morris was convicted of second-degree assault, pursuant to N.Y. Penal Law § 120.05(12). *See id.* at 1. Morris raises two grounds for relief: (1) that his conviction was based on legally insufficient evidence and was against the weight of the evidence; and (2) that his sentence should be reduced in the interest of justice.

    Before the Court is the April 10, 2023 Report and Recommendation of the Hon. Sarah Netburn, United States Magistrate Judge, recommending that the Court deny the Petition. Dkt. 25 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, a district court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

On May 1, 2023, the Court issued an Opinion and Order adopting Judge Netburn's Report in full. Dkt. 26. Neither party had submitted objections within the deadline set; the Court accordingly reviewed Judge Netburn's recommendations for clear error and found none. *See id.* On May 8, 2023, the Court received a request from Morris to extend the period to object to the Report. Dkt. 28. On May 9, 2023, the Court granted an extension and reopened the period for objections. Dkt. 29. On June 1, 2023, Morris objected. Dkt. 30 ("Obj."). On June 13, 2023, the Court granted respondent, New York State ("the State"), an extension to respond to Morris's objections. *See* Dkts. 32–33. On June 23, 2023, the State responded. Dkt. 34 ("Resp.").

Morris makes two objections.

First, he asserts that there was insufficient evidence of his intent to commit the charged assault. Obj. at 1. This objection—which totals five sentences—merely "reiterates [his] original arguments" in the Petition on this point, making clear error review appropriate here. *See Araujo v. Macaire*, No. 16 Civ. 9934, 2020 WL 1816189 (PAE) (KNF), at *5 (S.D.N.Y. Apr. 10, 2020). The Court finds none in Judge Netburn's careful discussion of this issue. *See* Report at 6 (noting that Morris's "claim that the verdict was against the weight of the evidence . . . is not cognizable on federal habeas review"); *id.* at 7 (explaining that "[t]he Appellate Division refused to review [Morris's] intent claim on direct appeal because it was not adequately preserved at trial" and therefore the "sufficiency claim is procedurally barred from federal court review" (internal citation omitted)).

Second, he claims that the trial court should have considered his mental health at sentencing. Obj. at 1–2. However, as the State aptly notes, "[t]he issue of [Morris's] mental health was never raised in his habeas petition; therefore, it was never addressed in the Report." Resp. at 7–8. "[T]o trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report." *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017) (citing *Molefe*, 602 F. Supp. 2d at 487). This objection thus fails to trigger *de novo* review of any portion of the Report. Reviewed for clear error, the Court again finds none.

## CONCLUSION

For the foregoing reasons, the Court denies the Petition. The Court respectfully directs the Clerk to terminate all pending motions, close this case, and mail a copy of this decision to Morris at the address on file.

3

The Court declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 27, 2023
       New York, New York

4